## BEN F. ROBIE V. THE STATE.

No. 14073.   Delivered January 14, 1931.

The opinion states the case.

*Martin, Shipman & Winters,* of Abilene, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CALHOUN, JUDGE.—Conviction for having and possessing a still and equipment for manufacturing intoxicating liquor; punishment, one year in the penitentiary.

The appellant raises the question of the sufficiency of the evidence and the question of the admissibility of the evidence offered by the State. The evidence is undisputed and shows the following facts:

Appellant had under lease a farm consisting of about 740 acres. There were various sets of improvements on the place. Appellant worked about 300 acres. He resided in what was termed the "main house" or "dwelling" on the 740 acres. Some three or four hundred yards distant from this house was what was called in the evidence an "old house." It was not in any manner used by the apppellant in connection with the residence. The facts showed that no one occupied same as a residence or that it was in any manner at the time being used and occupied either by the appellant or anyone else as a private residence or for other purposes. The officers, when they searched the house, found all the windows

were nailed over with boards on the outside and sacks tacked up on the inside of the windows. There was no furniture in said old house. The officers found in said house nine round tanks made out of sheet iron. They had been emptied out and they showed signs of there having been something in them which had been poured out the front door, corn chops and sugar where it ran off. The sheriff also testified that he also found in said house a horn or spout for a still; that he found also a burner and a brick furnace where a still had been sitting and that the burner was on top of the brick and that there was nothing else in the house. A barrel was found at the outside of the door and a coil was found about fifty feet out in the mesquite from the house. The evidence further showed from the testimony of the witness, W. A. Peterson, deputy sheriff, that he went with Sheriff Hughes and that he found a copper still and a worm, that he found said still and worm about 125 yards west of the old house searched and that the still was on the ground and had brush piled over it and that there was a trail leading from the old house west to where the appellant lived; that he carried this still to the old house, where, the tanks were, and that he and the sheriff brought them to town and that they still had them at the jail; that the nine tanks they found at the old house had a little stuff in the bottom of the tanks, and that by stuff he meant mash. The still and the coil were offered in evidence.

The appellant offered no evidence except the testimony of J. C. Gist, who testified that he owned the farm situated about three miles northwest of the town of Eula; that there were about 740 acres in the place; that he had leased ten acres in the southeast corner of said tract of land to the Magnolia Pipe Line Company; that said tract was fenced off separately, and that the rest was leased to the appellant; that the appellant paid money rent on the pasture and rent of one-third and one-fourth on the balance of the farm and that there were about 300 acres in cultivation; that the house where the appellant lived is an entirely separate and distinct set of improvements from the house where the officers made the search and that the house searched was a right smart little piece from the house in which appellant lived; that they were not connected with one another; that "at this old house where they found the still, there is nothing in the world but just a house, built kinda for a barn; just a kind of a shed to it. It is just what I call an out-house on the place. I call it a rent house. When I lived there I used it for a rent house." The appellant had charge of this house. "He had the care, custody and control of it. He got his water right there in the yard where he lived. There is a spring up there at the other house. There are two stock springs up there."

The peace officers, when they went to the premises of appellant, had a search warrant which authorized them to search the residence, out-

houses, garage and cellar of B. F. Robie on the J. C. Gist farm, located about three miles northwest of Eula in Callahan County, Texas. The evidence shows that they did not search or attempt to search the residence of appellant in which he was living or any of the outhouses about the residence. Under the law the authority given the officers under such search warrant was limited to the search of the premises described therein and the search warrant describing said premises as the residence of appellant would not be authority for searching the residence or any other part of the premises if connected with the residence under and by virtue of said search warrant alone. The description of the place in the affidavit limits and controls the description in the warrant. McTyre v. State, 113 Texas Crim. Rep., 31, 19 S. W. (2d) 49.

Was the place where the equipment was found so situated as that a search warrant was necessary to search same?

Appellant seems to contend that Art. 1, Sec. 9, of the Constitution of Texas, which grants security of his possessions from all unreasonable searches and seizures, and Art. 4, C. C. P. (1925), because it applied to the entire property under his control, were violated by the trial court when it admitted the evidence of the officers above related. This contention of the appellant has been held adversely against him by this court in the case of Wolf v. State, 110 Texas Crim. Rep., 124, 9 S. W. (2d) 350, in an able and exhaustive opinion by Presiding Judge Morrow and this opinion has been followed by this court in the case of Worth v. State, 111 Texas Crim. Rep., 288, 12 S. W. (2d) 582. In the case of McTyre v. State, 113 Texas Crim. Rep., 31, 19 S. W. (2d) 49, it was held that search of woods, fields, ravines or open spaces not connected with the plase of business or dwelling house owned by the same individual, though without a warrant, was not unreasonable. Such is the holding in the case of Wolf v. State, above cited, and Worth v. State, above cited. Also Turner v. State (Texas Crim. App.), 20 S. W. (2d) 764. In the case of Greenwood v. State, 110 Texas Crim. Rep., 478, 9 S. W. (2d) 352, the proof showed that the house which was searched without a search warrant was an outhouse or cotton house on a farm, not a private residence, and that the defendant did not reside there. It is true that the original affirmance was upon the ground that the officers saw the still, the mash and barrels through an open door and that the appellant in that case was sitting near some jugs and the still and that the officers had the right to search said house regardless of any search warrant by reason of an offense committed in the view of the officers, but in passing upon motion for rehearing, Judge Morrow held as an additional reason why said motion for rehearing should be overruled that "the place in which the offense was committed was not the residence nor the place of business of the appellant, nor does it appear that its proximity to his residence or place of business was such as to make it necessary that

the officer searching it possesses a search warrant," citing Wolf v. State, 110 Texas Crim. Rep., 124, 9 S. W. (2d) 350; Brent v. Commonwealth, 194 Ky., 504, 240 S. W., 46; State v. Zugras, 306 Mo., 492, 267 S. W., 804; Cotton v. Commonwealth, 200 Ky., 349, 254 S. W., 1061; Richardson v. Commonwealth, 205 Ky., 434, 266 S. W., 1; Hester v. United States, 265 U. S., 57, 44 S. Ct., 445, 68 L. Ed., 898. This holding is cited by Judge Lattimore in the case of Turner v. State (Texas Crim. Rep.), 20 S. W. (2d) 764, in support of his holding in that case.

The undisputed evidence in this case showing that the old house searched was some three or four hundred yards distant from the residence of the appellant and that said house was not a building being used for any purpose in connection with the residence of the appellant, it, therefore, was not within the curtilage of the appellant. We hold that the trial court did not err in receiving the evidence offered. The uncontradicted evidence offered was sufficient to sustain the conviction.

Judgment affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.