JERRY HUFFMEISTER AND MICHEAL JOHN ADAMS v. STATE

No. 32,229. December 14, 1960

Motion for Rehearing by John Adams Overruled January 25, 1961

*John Cutler,* Houston, and *Luther E. Jones, Jr.,* Corpus Christi, for appellants.

*Dan Walton,* District Attorney, *Samuel H. Robertson, Jr.,* Assistant District Attorney, Houston, and *Leon Douglas,* State's Attorney, Austin, for the state.

BELCHER, Judge.

The appellants were tried before a jury and convicted for a misdemeanor offense in violation of Sec. 2, of Art. 642c., V.A.P.C.; the punishment was assesed against each appellant at a fine of $500 and one year in jail.

The testimony of the state shows that as two peace officers approached a small house on a dairy farm, the appellants fled from the house but were apprehended within a short distance. Upon a search of the small house, the officers found only policy paraphernalia and equipment used in connection therewith. A witness testified that appellant Adams solicited him to write policy and that he used a car furnished by Adams while writing policy for him.

The appellants did not testify but called several reputation witnesses and one fact witness, who was a sister to the appellant Huffmeister, and who testified in the absence of the jury that the appellant Huffmeister lived on the dairy farm and managed it.

It is contended that the trial court committed error as to appellant Huffmeister in the admission of evidence showing the search of the house in question and the results thereof on the ground that the search was illegal for the reason that the description in the warrant, under which the search was made, contained a fatal variance with the actual location of the house searched.

The state relies alone on the search warrant as to appellant Huffmeister to authorize the search of the house in question.

The evidence shows that the premises searched were not the premises described in the warrant.

The search of the house on the dairy farm controlled by Appellant Huffmeister was not authorized under the warrant. Therefore, the trial court erred as to appellant Huffmeister in

admiting in evidence the testimony showing the search and its results. Balch v. State, 134 Tex. Cr. Rep. 327, 115 S.W. 2d 676.

Appellant Adams was not shown to have been in possession of the premises in question and is not therefore in a position to challenge the legality of the search. Stevenson v. State, 169 Tex. Cr. Rep. 431, 334 S.W. 2d 814, and cases there cited.

It is further contended that the court erred as to appellant Adams in the submission in its charge of provisions of Art. 642c., Sec. 2., V.A.P.C., including misdemeanors having no support in the evidence because it suggested to the jury that in the court's opinion there was sufficient evidence to show that he was guilty of one or more of the misdemeanors submitted in the charge.

Each of the means of committing the offense charged related to policy. Although some of the means submitted in the charge may not have been supported by cogent evidence, yet it does not appear from the record that such submission was calculated to injure the rights of the appellant Adams and call for a reversal. Art. 666, V.A.C.C.P.

Insofar as the judgment relates to appellant Huffmeister, it is reversed and the cause is remanded; as to Appellant Adams, the judgment is affirmed.

Opinion approved by the Court.