Kenneth Bruce **MARTIN**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 39055.

Court of Criminal Appeals of Texas.

March 2, 1966.

Rehearing Denied May 4, 1966.

Robert B. Maloney, Dallas, Sam N. Vilches, Jr. (On Appeal), Dallas, for appellant.

Henry Wade, Dist. Atty., Frank Watts, William F. Alexander, John Vance and W. John Allison, Jr., Asst. Dist. Attys., Dallas, and Leon B. Douglas, State's Atty., Austin, for the State.

WOODLEY, Judge.

The offense is murder; the punishment, death.

The indictment alleged that appellant, with malice aforethought, voluntarily killed Janice Lee Strickland by shooting her with a gun.

The case was submitted to the jury as one of circumstantial evidence. The sufficiency of the evidence to sustain the conviction is not challenged.

The state's evidence shows that the deceased and her husband, Linford I. Strickland, left their home in Duncanville, south of Grand Prairie, about 9:30 P.M. on Saturday May 16, 1964. When they failed to return the police were notified.

About noon the next day, Dallas Police Officer Roy L. Gross met a man named Troy Earls who directed him to a place in Dallas County, some half a mile off the highway reached by a winding trail along which were trees, tall grass and other

vegetation, where he found the 1957 Chevrolet later identified as that used by Strickland and his father in their used car business.

Lying on the ground at the left side of the car were Janice Lee Strickland, the deceased, and her husband Linford I. Strickland. Both were dead, Mr. Strickland from a gunshot wound in the left temple and the deceased from two bullet wounds in the head.

Mr. Strickland was fully clothed. The body of the deceased was completely nude. There was a panty girdle and ladies hose near her head, turned wrong side out. A dress was found in the back seat of the car and there was a brassiere, some shoes and a white purse in the front seat. There was much blood and blood stains inside the car and a fingerprint and thumb print in blood, shown by expert testimony to be those of appellant, were lifted from the rear door of the car.

Two live .45 caliber automatic wad cutter cartridges were found on the ground 2 or 3 feet from the left front door of the car, and 2 such cartridges were found in the rear seat.

Two slugs or bullets were recovered from the head of the deceased during the autopsy and one from the head of Mr. Strickland.

A .45 caliber automatic pistol identified as that purchased by appellant at a gunshop owned by A. D. Hodge on April 24, 1964, was shown by expert testimony to be the pistol from which the three slugs taken from the heads of the deceased and her husband had been fired.

The evidence shows that following appellant's arrest the officers went to the motel room rented by him and found the pistol, two boxes of wad cutter ammunition minus several cartridges, and two extra clips under a trunk at the rear of the carport in some light brush or trees.

Testimony was also offered to the effect that at about 6 A.M. appellant was picked up as a hitch-hiker in Grand Prairie wearing white clothes inside out that were covered with blood from the neck down.

We find the evidence sufficient to sustain the conviction.

Appellant's first claims of error were bottomed upon errors in the preparation of the transcript.

A supplemental transcript has been filed which shows that the indictment was returned on June 1, 1964, in Criminal District Court No. 2 of Dallas County and was transferred to the Criminal District Court of Dallas County on the same day. The proceedings appear to be regular and we overrule appellant's propositions 1 and 2.

He next complains that the trial court erred in denying his request for continuance on the ground that one of his counsel was physically and mentally fatigued by his efforts in a capital case tried the previous week.

Appellant's formal bill of exception filed March 13, 1965, was refused by the trial court on March 22, 1965. Appellant excepted to the court's reason for refusing it but filed no bystander's bill. The bill of exception cannot be considered. See Art. 760d Vernon's Ann.C.C.P. and cases listed under Note 3.

For the same reason other formal bills of exception, including that relating to the overruling of appellant's motion for change of venue, cannot be considered. The court refused them and appellant did not accept his reasons for refusing to approve them.

The claim of error in overruling of appellant's motion for continuance is not before us by informal bill of exception under Art. 760e V.A.C.C.P., no exception having been reserved to the court's action in overruling such motion. We note, however, that appellant appears to have been ably represented at his trial by his two court appointed counsel and no abuse of

discretion on the part of the trial court in overruling the motion for continuance is shown. See Art. 540 V.A.C.C.P., Notes 46 and 47, and cases there cited.

Appellant's complaint as to the overruling of his motion for change of venue is not before us by informal bill of exception under Art. 760e V.A.C.C.P. The record contains the motion, the state's controverting affidavit and a statement of facts showing the evidence adduced and the court's ruling "overrule the motion," but there is no exception to the court's ruling. See Art. 760e V.A.C.C.P. and cases listed under Note 1, including Tyler v. State, 163 Tex.Cr.R. 441, 293 S.W.2d 775.

In view of the maximum punishment having been assessed, we have examined the record relating to the motion for change of venue and the voir dire examination of the jury panel and find no abuse of discretion on the part of the trial judge, and no error which would warrant reversal.

The most serious question raised relates to the admission in evidence of the .45 caliber automatic pistol; the extra clips and the wad cutter ammunition found under a trunk at the rear of the carport.

The evidence reveals that the officers obtained a search warrant authorizing the search of Cabin 21, Angelus Tourist Lodge, alleged to be occupied by appellant, and went to the Lodge for the purpose of executing such warrant.

The search warrant and affidavit therefor were introduced by appellant to the court and appear in the record. The search warrant was fatally defective under the holding of the Supreme Court in Aguilar v. State of Texas, 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723.

The state recognized that the Aguilar decision had rendered the search warrant invalid and no evidence obtained as the result of a search of Cabin 21 was introduced before the jury.

The record does reflect that the police officers gained admittance to Cabin 21 by reason of the consent of Mrs. Mary Cox.

Mrs. Cox testified that she was a part-time employee and switchboard operator at Angelus Lodge, a motel. Appellant rented Cabin 21 and the carport some three months prior to May 19, 1964, the rental being $12.00 a week.

Officer L. C. Groves and other officers came to the motel on May 19, 1964. After talking to her, the officers left but returned and she gave them permission to search Cabin 21 and the surrounding territory.

Mrs. Cox further testified that there was an old trunk out back of the carport of Cabin 21 which trunk was not situated on any part of the premises that appellant had leased.

In the absence of the jury she testified that the trunk was entirely outside of the carport and was on property that did not belong to the Angelus Lodge; that it was an "old timey trunk that appellant brought there" and it belonged to him, as far as she knew; that it had been in the carport but had been moved to the back and that she told the officers about the trunk and they went outside and searched out there.

The undisputed evidence before the court shows that neither appellant nor the Angelus Lodge had any proprietary interest in the property where the pistol, clips and ammunition were found under the trunk.

We conclude that appellant has no standing to question the validity of the search of the area not rented to him, which he apparently chose as a hiding place for the pistol used in killing the deceased and her husband. Jones v. United States, 362 U.S. 257, 80 S.Ct. 725, 4 L.Ed.2d 697.

The judgment is affirmed.