James A. POWERS, Appellant,

v.

The STATE of Texas, Appellee.

Lawrence P. DION, Appellant,

v.

The STATE of Texas, Appellee.

No. 42386.

Court of Criminal Appeals of Texas,

March 11, 1970.

On Motion to Reinstate June 10, 1970.
Rehearing Denied July 22, 1970.

Davis Bragg, of Curtis, Duncan & Bragg, Killeen, for appellant.

Stanley Kicar, Dist. Atty., Bruce Bangert, Asst. Dist. Atty., Belton, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

PER CURIAM.

In a joint trial, James A. Powers was assessed sixteen years and Lawrence P. Dion twenty years for possessing marijuana.

The record on appeal does not include sentence pronounced by the court as required by Article 40.09(1), Vernon's Ann. C.C.P.

The appeals are dismissed.

DOUGLAS, Judge.

## OPINION

### ON MOTION TO REINSTATE

Sentence has been pronounced and another notice of appeal has been given. The appeal is reinstated.

In a joint trial, James A. Powers was assessed sixteen years and Lawrence P. Dion twenty years for possessing marihuana.

The record reflects that the marihuana introduced into evidence was obtained as a result of a search under a warrant.

Appellants contend that the search warrant was based upon an affidavit that did not show sufficient facts to constitute probable cause. The affidavit made before the justice of the peace by Thomas Vernon Wadkins, omitting the formal parts, is as follows:

"* * * That I have good reason to believe and do believe that on or about the 22 day of November, 1968, in the county and state aforesaid David R. Dion, James A. Powers & Derusso did then and there possess a narcotic drug, to-wit, Marijuana And that I have good reason to believe and do believe that said narcotic drug is now concealed by David R. Dion in the said county and state at 1021½ S. Pearl, Belton, Texas which said premises are occupied and under the control of David R. Dion.

"That my belief of the foregoing facts is based upon information received from reliable, credible and trustworthy citizens of Bell County, Texas, which information is as follows, to-wit: that there is marijuana in the house located at 1021½ S. Pearl, Belton, Texas.

"That the above information has been given to the undersigned and to other

peace officers by this and other sources of information.

"That because the source of information mentioned in the foregoing paragraph has given information to the undersigned on previous occasions that was correct, and because this same information is given by other sources the undersigned has just reason to believe and does believe that the above described illicit property is being secreted in the above said *person.*"

In Aguilar v. Texas, 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723, the Supreme Court of the United States wrote:

"Although an affidavit may be based on hearsay information and need not reflect the direct personal observations of the affiant, * * * the magistrate must be informed of some of the underlying circumstances from which the informant concluded that the narcotics were where he claimed they were * * *."

The recitations in the affidavit that the affiant had been informed by reliable, credible and trustworthy citizens that appellants possessed marihuana are not sufficient.

There are no underlying circumstances shown in the affidavit in the present case to inform the magistrate "from which the informant concluded that the narcotics were where he claimed they were," as required by the Supreme Court in Aguilar. For this reason, the marihuana seized by virtue of the search warrant based upon the affidavit should not have been admitted into evidence.[1]

The State contends that the case should be affirmed, because there was no objection when the marihuana was offered into evidence.

1. See Gaston v. State, Tex.Cr.App., 440 S.W.2d 297. There facts were detailed and specific in the affidavit to show the underlying circumstances for the informant to conclude that narcotics were at the location described in the affidavit.

This Court held that the requirements of Aguilar were met. See the cases collated under Note 4 of Article 18.01, V.A.C.C.P., where this Court has held facts set out in affidavits to be sufficient to show probable cause.

Appellant filed a motion to suppress all of the evidence seized as a result of the search of the premises without probable cause. At the hearing on the motion to suppress, the affidavit was introduced and it was urged that the affidavit did not show that either of the informants spoke with personal knowledge of the facts. It was urged to the court that the principles announced in Aguilar, supra, and in Acosta v. State, Tex.Cr.App., 403 S.W.2d 434, involving the sufficiency of affidavits were not met. The court denied the motion to suppress.

During the trial on the merits, the jury was retired and appellants again introduced the affidavit and search warrant before the court and objected that all of the testimony of the officers be suppressed because of the Aguilar case; the court denied the motion. Objections concerning the search were made before each officer testified and the court permitted the objection to "run along with the testimony." When the marihuana was offered into evidence, no objection was made.

Article 40.09, Sec. 6(d) (3), V.A.C.C.P., provides:

"When the court hears objections to offered evidence out of the presence of the jury and rules that such evidence shall be admitted, then in that event such objections shall be deemed to apply to such evidence when it is admitted before the jury without the necessity of such objections being renewed in the presence of the jury."

Appellant complied with the terms of Article 40.09, Sec. 6(d) (3), V.A.C.C.P., and to follow the provisions of the statute, we hold that appellants' objections were sufficient and the failure to object when the marihuana was introduced into evidence did not constitute waiver or harmless error.

The judgments are reversed and the causes are remanded.