**George Joseph GONDEK, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 45857.**

Court of Criminal Appeals of Texas.

March 21, 1973.

Grant Liser, Fort Worth, for appellant.

Doug Crouch, Dist. Atty., George McManus and J. J. Heinemann, Asst. Dist. Attys., Fort Worth, Jim D. Vollers, State's Atty., and Robert A. Huttash, Asst. State's Atty., Austin, for the State.

## OPINION

ROBERTS, Judge.

Appellant seeks relief from a conviction for the offense of breaking and entering an auto with intent to commit theft. Punishment was assessed at three years' confinement.

Three grounds of error are alleged.

■ Appellant first contends that the court erred in admitting into evidence pornography contained in State's Exhibit #1. (The classification of the material as "pornography" is appellant's and not ours.)

The prosecuting witness testified that on the evening of April 29, 1971, at approximately 10:00, she parked and locked her automobile in Fort Worth. She returned around midnight and discovered that the car had been broken into; a briefcase containing several 8-track stereo tapes was missing, along with some school papers. Appellant's wallet was found inside the automobile.

The State introduced this wallet, including all its contents, as their first exhibit. It contained, in addition to several identification cards, order forms for certain movies and magazines. When offered, defense counsel objected on the ground that no proper predicate had been laid. On appeal, defense counsel argues that the materials were *irrelevant* to the case on trial. No such objection ever being voiced at the trial, there is nothing presented for review. Salas v. State, 486 S.W.2d 956, 1972.

■ In appellant's remaining two grounds of error, he charges that his trial counsel was so ineffective as to deprive him of a fair and impartial trial. Apparently, appellant was represented by retained counsel at the trial level. He points to the incorrect objection defense counsel made to the "pornographic" material, and to several instances where defense counsel failed to object. We have read the entire record and while we acknowledge that appellant's counsel was not infallible, we conclude that his defense was not such as to be a breach of a legal duty. Steel v. State, 453 S.W.2d 486 (Tex.Cr.App.1970). The evidence against appellant was convincing; the jury was charged on the law of circumstantial evidence. The jury's verdict is supported by the record.

The judgment is affirmed.