Richard Anthony JARAMILLO, Appellant,

v.

The STATE of Texas, Appellee.

No. 47515.

Court of Criminal Appeals of Texas.

Jan. 30, 1974.

---

1. Ashe v. Swenson, 397 U.S. 436, 30 S.Ct. 1189, 25 L.Ed.2d 469.

Phil Burleson and James A. Mills, Jr., Dallas, for appellant.

Henry Wade, Dist. Atty., Robert T. Baskett, Asst. Dist. Atty., Dallas, Jim D. Vollers, State's Atty., and Buddy Stevens, Asst. State's Atty., Austin, for the State.

## OPINION

ROBERTS, Judge.

Appellant was convicted of the offense of possession of marihuana. Punishment was assessed by the court at seven years' confinement.

Two grounds of error are raised on appeal; the sufficiency of the evidence is not challenged. Appellant argues that an unresponsive answer given by a key witness for the State constituted reversible error, and also, that the affidavit used to obtain the search warrant in this cause is insufficient.

The facts are briefly stated as follows: Armed with a search warrant, Dallas police officers proceeded to the named location. Appellant and a female companion were the only occupants found there at the time of the search. A search of appellant's person revealed approximately one ounce of marihuana, and a suitcase found in the house contained an additional ten pounds of marihuana.

■■ Appellant's first ground concerns the above-mentioned unresponsive answer. One of the arresting officers was testifying on cross-examination and the following colloquy occurred:

"Q And the truth of the matter is you don't know who this marijuana belonged to?

"A The defendant told me it was his.

"Q And was he under arrest at the time he told you this?

"A Yes, sir, and he had been given his rights.

"MR. McCORD: At this time, we move that this be stricken from the evidence and move that the jury be instructed to disregard it, and we further move for a mistrial, because of the prejudicial and inflammatory statement by the witness.

"THE COURT: The question was to the witness, as I recall it: Was that the truth of the matter was that you don't know, and he said all that he knew was what he said. Overrule the objection."

On appeal, it is argued that this statement attributed to the appellant violated Art. 38.22, Vernon's Ann.C.C.P., relating to oral confessions. No such objection was ever made to the trial judge. Gondek v. State, 491 S.W.2d 676 (Tex.Cr.App.1973). Further, defense counsel's combination objection, motion for instruction, and request for a mistrial is not the proper method for perfecting a record. In a similar fact situation in Haggerty v. State, 491 S.W.2d 916 (Tex.Cr.App.1973), it was pointed out that a prompt instruction to disregard an unresponsive answer is usually sufficient to cure error, if any.

We are also of the opinion that defense counsel was to some extent put on notice of the answer which such a question would elicit. Almost immediately preceding the quoted material above, the record reflects that appellant's counsel inquired of the officer, "Do you know who that suitcase belonged to?" The officer replied, "Only what the defendant told me." No objection was made at this point, and no effort to question the witness outside the presence of the jury is indicated. Finally, the record reflects at least two instances where the State, in argument to the jury, again placed before them this statement allegedly made by the appellant. No objection was voiced, and defense counsel himself brought up the matter in final argument.

Punishment was assessed by the court, and the judge made it clear that he was assessing the punishment given because of appellant's background of failing to rehabilitate himself.[1] No reversible error is presented.

 In appellant's remaining ground, he attacks the affidavit used to obtain the search warrant in this cause. However, we note that appellant took the stand and admitted to the possession of "an ounce" of marihuana at the time of his arrest.[2] He may not now be heard to complain of the legality of the warrant or the ensuing search. Moulton v. State, 486 S.W.2d 334 (Tex.Cr.App.1971); Creel v. State, 493 S.W.2d 814, 819, 822 (Tex.Cr.App.1973).

The judgment is affirmed.

1. At the time of this trial, appellant was serving a five-year probated sentence on another narcotics charge.

2. Appellant denied that the ten pounds of marihuana belonged to him, and the allegation that he had told the arresting officer that it was his.