Jimmie Bake SIMPSON, Appellant,

v.

The STATE of Texas, Appellee.

No. 47898.

Court of Criminal Appeals of Texas.

March 27, 1974.

Rehearing Denied April 17, 1974.

Michael Ramsey and Randy Schaffer (on appeal only), Houston, for appellant.

Oscar B. McInnis, Dist. Atty., Walter G. Weaver, Asst. Dist. Atty., Edinburg, Jim D. Vollers, State's Atty., and Buddy Stevens, Asst. State's Atty., Austin, for the State.

## OPINION

DAVIS, Commissioner.

Appeal is taken from a conviction for sale of marihuana. After the jury returned a verdict of guilty, punishment was assessed by the court at five years.

The sufficiency of the evidence is not challenged.

The record reflects that undercover agents of the Department of Public Safety purchased three hundred pounds of marihuana from appellant on March 5, 1971, in an orchard near McAllen.

At the outset, appellant contends the court erred in allowing the State during direct examination of its witness Imbert, a narcotics agent, to divulge the existence of a telephone conversation between the appellant and another person, in which said narcotics agent obtained knowledge by eavesdropping on an extension telephone in an adjoining room, without the consent of the sender or receiver, thereby intercepting the telephone conversation in violation of federal statutes which prohibit the interception and divulgence of the existence and contents of such conversation.

Officer Imbert was contacted on March 1, 1971, by an attorney representing one Clifton Sparks, who had a marihuana charge pending against him. Imbert agreed to meet with Sparks at a motel in Austin the next day. At that meeting it was agreed that Imbert and Sparks would go to an apartment in Austin the following day. Upon going with Sparks to the apartment of someone unknown to Imbert the next day, the narcotics agent posed as a buyer of marihuana from Dallas. While in the apartment, Sparks received a telephone call. Imbert asked another individual present, who had answered the phone, if there was an extension and if Imbert could use it. Imbert was given permission by this unidentified person to use an extension and the agent then listened in on the conversation.

Imbert stated after the telephone conversation in the apartment that he, other D.P. S. undercover agents and Sparks went to McAllen, where arrangements were made with appellant for the purchase of the marihuana.

The testimony elicited from Imbert on direct examination, which gives rise to appellant's contention, is as follows:

"Q. Now, what was the purpose of going there at that time, if anything? What was the purpose of going to the apartment about that time, if any?

"A. I was going to try to listen to the conversation between two individuals.

"MR. RAMSEY: Now, Your Honor, I object to this as going into hearsay, and obviously founded on hearsay, and I do object to any testimony about what purportedly the conversation was supposed to be about.

"THE COURT: The objection be sustained as to conversation, but I don't think the objection is good as to the statement, Counsel.

"Q. (By Mr. Weaver) You were going to try to listen to a telephone conversation, is that right?

"A. That's correct, sir.

"Q. All right, sir. Okay, after you got there what happened, if anything, after the introductions?

"A. I listened to a telephone conversation."

It is noted that the objection to the telephone conversation was sustained and no evidence was offered by the State as to what Imbert overheard while listening on the extension telephone. Appellant recognizes this, but argues that the testimony of Imbert divulging the existence of a telephone conversation which he overheard on

an extension telephone without the prior consent of either of the parties to the conversation was in violation of federal statutes and Article 38.23, Vernon's Ann.C.C. P.[1] This was not the basis on which appellant voiced an objection in the trial court. As heretofore noted, appellant's objection in the trial court was grounded on hearsay.

■ The appellant, not having objected to the complained of testimony in the trial court on the grounds he now urges, waived such objection, and error, if any, is not preserved for review. Gondek v. State, Tex.Cr.App., 491 S.W.2d 676; Rawlinson v. State, Tex.Cr.App., 487 S.W.2d 341; Salas v. State, Tex.Cr.App., 486 S.W.2d 956.

■ ■ If it be appellant's contention that he preserved error by his oral motion in limine, based on lack of proper predicate for introduction of evidence relative to the telephone conversation in question, it is noted that the court deferred ruling on the motion until the time such question might arise in trial and counsel for appellant stated, "I will interpose a proper objection at the time." This court has held, even when the trial court has granted defendant's motion in limine requesting exclusion of evidence, error is generally not preserved without proper objection being made during trial. Whatley v. State, Tex. Cr.App., 488 S.W.2d 422; Brazzell v. State, Tex.Cr.App., 481 S.W.2d 130.

Error, if any, is not preserved for review.

■ Appellant next contends the court erred in instructing the jury on the law of entrapment in light of the facts of this

---

1. The pertinent portion of Article 38.23, V.A.C.C.P., provides:
   "No evidence obtained by an officer or other person in violation of any provisions of the Constitution or [the] laws of the State of Texas, or of the Constitution or laws of the United States of America, shall be admitted in evidence against the accused on the trial of any criminal case."

Appellant urges that the listening on the extension phone comes within the prohibition of 18 U.S.C.A., Section 2511, Subsection (1)(a), which prohibits the interception of wire communications and that the complained of act did not come within the exception set forth in Subsection (2)(c) where a person has been given prior consent by one of the parties to the conversation.

case, in that the jury was instructed that in order to find entrapment, they must find that Sparks had as his motive for inducement the mere purpose of instituting a criminal prosecution against the appellant.

The instruction[2] given by the court reads as follows:

"You are instructed that 'entrapment' is the improper inducement of a person by an officer or agent of the State to commit a crime not contemplated by such person for the mere purpose of instituting a criminal prosecution against such person. Where the criminal intent originates in the mind of the officer or agent of the State and he induces a person to commit a crime which such person would not otherwise have committed except for such inducement this is entrapment; however, where the criminal intent originates in the mind of the accused, the fact that the officer or agent of the State furnishes the opportunity for or aids the accused in the commission of a crime is no defense to such prosecution.

"NOW, THEREFORE, if you find from the evidence, or if you have a reasonable doubt thereof, that on the occasion in question that CLIFFORD SPARKS was acting as an agent of the State and further, that the criminal design, if any, originated in the mind of CLIFFORD SPARKS, and that he induced the Defendant to commit the crime charged in the indictment, for the mere purpose of instituting a criminal prosecution against the Defendant, and that the Defendant had not contemplated the commission of said crime, if any, until such inducement, then you will find the Defendant not guilty."

Appellant's complaint is directed to that portion of the instruction which required the jury to find that Sparks had as his motive for inducement, "the mere purpose of instituting a criminal prosecution against the defendant." Appellant urges that, since Sparks had a marihuana charge pending against him, it was obvious that his motivation was to help himself rather than to prosecute appellant.

In Cooper v. State, 162 Tex.Cr.R. 624, 288 S.W.2d 762, this court noted that entrapment has been defined, "the inducement of one to commit a crime not contemplated by him for the mere purpose of instituting criminal prosecution against him." If appellant be correct in his premise that Sparks' basic desire was to help himself, it would appear that helping in "instituting criminal prosecution" against appellant would be a means to that end.

We perceive no error.

In his last contention appellant urges that the court erred in overruling his objections to prosecutor's questions which suggested that appellant had committed extraneous offenses on prior occasions.

■ The thrust of appellant's testimony upon which his defense of entrapment was based was that Sparks had initiated the talk with regard to the marihuana transaction. Appellant stated that he had first met Sparks when he visited a friend in Austin during the Thanksgiving holidays of 1970 to see Austin and the University of Texas. On cross-examination appellant was asked about making previous trips to Austin and appellant urges that this line of questioning alluded to a prior extraneous offense committed when appellant was a juvenile. In support of this contention, appellant cites Rivas v. State, Tex.Cr.App., 501 S.W.2d 918, for the proposition that a juvenile delinquency record may not be used for impeachment of a witness under Article 2338–1, Section 13(d)(e), Vernon's Ann.Civ.St. We have reviewed the complained of cross-examination and find that no evidence was elicited from appellant concerning a previous offense nor do we find that the questions asked suggest that

2. The instruction given appears in McClung's Jury Charges for Texas Criminal Practice, page 211.

appellant had committed prior offenses. Further, the objection voiced at trial by appellant to prosecutor's questions was ". . . it is simply and purely irrelevant to this proceeding." Such an objection is a general objection which is like no objection at all. See Russell v. State, Tex.Cr.App., 468 S.W.2d 373 and authorities cited therein. Thus error, if any, was not preserved for review.

The judgment is affirmed.

Opinion approved by the Court.