Louis **POLANCO**, Petitioner-Appellant,

v.

W. J. **ESTELLE**, Director, Texas Department of Corrections, Respondent-Appellee.

No. 74–2928

Summary Calendar.*

United States Court of Appeals, Fifth Circuit.

Jan. 22, 1975.

Rehearing and Rehearing En Banc Denied Feb. 21, 1975.

* Rule 18, 5 Cir., See Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al., 5 Cir., 1970, 431 F.2d 409, Part I.

82

William T. Armstrong, Staff Counsel for Inmates, TDC Eastham Unit, Mark S. Ward, Weldon, Tex., for petitioner-appellant.

John L. Hill, Atty. Gen., John M. Barron, Larry York, Joe B. Dibrell, Randall S. Boyd, Paul R. Gavia, Asst. Attys. Gen., Austin, Tex., for respondent-appellee.

Before COLEMAN, DYER and RONEY, Circuit Judges.

PER CURIAM:

Polanco was convicted of possession of heroin and sentenced to 35 years imprisonment. Polanco v. State, 475 S.W.2d 763 (Tex.Cr.App.1971).

In this petition for writ of habeas corpus, petitioner contends the heroin was seized in an unauthorized search because the warrant was issued on an affidavit insufficient as to the informant's reliability, citing Aguilar v. Texas, 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723 (1964).

The *Aguilar* test is two-pronged. Before issuing a warrant upon an affidavit reciting the tip of an unnamed informer, a magistrate "must be informed of the underlying facts and circumstances (1) from which the informant has concluded that the person to be searched is engaged in criminal activities, and (2) from which affiant has concluded that the informant is credible or his information reliable." United States v. Hill, 500 F.2d 315, 318 (5th Cir. 1974). When the informant's information is corroborated in the affidavit by the independent observations of police officers, however, the affidavit would be sufficient to justify issuance of the warrant. Spinelli v. United States, 393 U.S. 410, 89 S.Ct. 584, 21 L.Ed.2d 637 (1969); Eaton v. United States, 409 F.2d 1355 (5th Cir.), cert. denied, 396 U.S. 891, 90 S.Ct. 183, 24 L.Ed.2d 166 (1969). *See also* Draper v. United States, 358 U.S. 307, 79 S.Ct. 329, 3 L.Ed.2d 327 (1959).

In this case, the police corroborated the details of the informant's tip by surveillance from which it was learned that "numerous people known to be drug addicts and pushers go to [the] trailer, stay a few seconds and then go into the ball park, and an object believed to be heroin was exchanged for money and then the customer would leave. Based upon our observations, [the owner of the trailer] is keeping his narcotics in a small utility shed belonging to his trailer space and inside the trailer too."

Regardless of the sufficiency of the affidavit as to the informer's reliability, the facts revealed by the police surveillance furnished independent corroboration of the informant's tip sufficient to establish probable cause. Gonzales v. Beto, 425 F.2d 963 (5th Cir.), cert. denied, 400 U.S. 928, 91 S.Ct. 194, 27 L.Ed.2d 189 (1970). We agree with District Judge Roberts that "in judging probable cause magistrates are not to be confined by restrictions on their use of common sense. United States v. Ventresca, 380 U.S. 102, 108, 85 S.Ct. 741, 13 L.Ed.2d 684 (1965)."

The petition for writ of habeas corpus was properly denied.

Affirmed.