Pablo RIOJAS, Jr., Appellant,

v.

The STATE of Texas, Appellee.

No. 49616.

Court of Criminal Appeals of Texas.

July 16, 1975.

Dissenting Opinion on Rehearing Dec. 10, 1975.

---

Gene A. Garcia, Rockport, for appellant.

John H. Flinn, Dist. Atty., Sinton, Jim D. Vollers, State's Atty., and David S. McAngus, Asst. State's Atty., Austin, for the State.

## OPINION

ROBERTS, Judge.

This is an appeal from a felony conviction for possession of marihuana. The jury assessed punishment at five years' imprisonment.

On February 6, 1974, James Russell, a Rockport police officer, received information from a confidential informant that the appellant was in possession of marihuana at his residence. The informant told Russell

that he had seen Riojas in the house with a sizeable quantity of marihuana.

After receiving this information, Russell began a surveillance of the appellant's house. As a result of the informant's tip and the surveillance, Russell was able to present the following affidavit to the magistrate:

"I James Russell, do solemnly swear that heretofore, on or about the 6 day of February, A.D. 1974, in the City of Rockport Aransas County, Texas, one Paul Riojas, and person or persons whose names indentities and descriptions are unknown to affiant did then and there unlawfully possess and does at this time unlawfully possess a narcotic drug and dangerous drug, to-wit: Marijuana in residence, and motor vehicles being described as one story wood framed house, gray with white trim and motor vehicle with 1973 Texas Licience Plates HTS–464 Black over red GTO and a Plymouth Roadrunner, JSK–161 located 1126 Cedar Street Rockport, Arnasas County Texas in the City of Rockport, Aransas County, Texas, which said residence is possessed, occupied, under the control and charge of Paul Riojas, and person or persons who names, identities and descriptions are unknown to affiant

"MY BELIEF OF THE AFORESAID STATEMENT IS BASED ON THE FOLLOWING FACTS:

"I haver been imformed of the foregoing setout facts by a person, who I know to be reliable, credible, and trustworthy, who states the following facts: That Paul Riojas has a large quantity of Marijuana concealed in his residence at the above described location. That he (the informat) had been to Paul Riojas residence within the past 48 hours and has personally seen Riojas with a number of Lids of Marijuana in his possession. That on that occasion Riojas told him (the informat) that he kept 10 Lids of Marijuana in a cardboard shoe box in his bedroom closet, also he kept in a tin shed behind the residence several more lids of Marijuana.

"On the 6th day of February, 1974, between the hours of 5 and 7:00 P.M. I, an officer with 2 years experience in norcatics investigation, along with one other experience norcatic officer, set up a visual surveillance of the residence of Paul Riojas at the location described above and observed several persons known to myself and the other officers as users of norcatics, enter the residence of Paul Riojas, remain there-in for approximately 5 minutes and then leave the premises.

"I received the information concerning the above described violation of law from the above referred to informant on this the 6th day of February, 1974.

"Wherefore, I ask that a warrant to search for and seize the said narcotic drug and dangerous drug at the above described premises be issued in accordance with the law in such cases provided.

/s/ __James Russell__ "

The affidavit was sworn to before the magistrate, who then issued a warrant authorizing the search of the house and vehicles named in the affidavit. Russell and other officers then went to the house to execute the warrant. They found two marihuana cigarettes in appellant's bedroom, 11.3 grams of marihuana in a drawer in appellant's room, and some marihuana seeds in appellant's car. This marihuana found in the house and car weighed less than four ounces.

However, the officers *at the same time* searched a locked shed which was located on the premises approximately fifty feet from the house and fifteen feet from appellant's car. There they found 9.4 pounds of marihuana. Appellant's motion to suppress was overruled by the trial court, and all of the marihuana was introduced at the appellant's trial.

Appellant's first two grounds of error challenge the sufficiency of the affidavit and search warrant. In considering these

grounds, we must first determine whether they were properly preserved for review.

Appellant's motion to suppress was heard and overruled on February 22, 1974. The case was tried on the merits some ten weeks later, on May second and third. At trial appellant failed to object to the introduction of the marihuana in evidence.

The issue is whether an objection is necessary to preserve error in the admission of evidence where a motion to suppress that evidence has been overruled by the trial court on a day prior to the first day of trial.

We necessarily begin our analysis with Article 40.09, Sec. 6(d)(3), Vernon's Ann.C. C.P., which provides:

"When the court hears objections to offered evidence out of the presence of the jury and rules that such evidence shall be admitted, then in that event such objections shall be deemed to apply to such evidence when it is admitted before the jury without the necessity of such objections being renewed in the presence of the jury."

In *Graves v. State,* 513 S.W.2d 57, 59 (Tex.Cr.App.1974), this Court unanimously held this section to apply to pre-trial motions to suppress heard on the day of trial. Cf. *Powers v. State,* 456 S.W.2d 97 (Tex.Cr. App.1970). It is now contended that since the motion to suppress took place ten weeks before the appellant's trial, a different rule should apply.

Our holdings in *Brazzell v. State,* 481 S.W.2d 130 (Tex.Cr.App.1972), and *Simpson v. State,* 507 S.W.2d 530 (Tex.Cr.App.1974), are not in point. Those cases held only that motions *in limine* are not ordinarily sufficient to preserve error absent an objection at trial.

But motions to suppress—unlike motions *in limine*—are specifically authorized by statute: Article 28.01 of our Code of Criminal Procedure allows the trial court to set pre-trial hearings, at which time motions to suppress are to be determined. The holdings in *Brazzell* and *Simpson* are thus inapplicable to motions to suppress.

In *Smith v. State,* 468 S.W.2d 828, 830 (Tex.Cr.App.1971), this Court unanimously held that the timing of a pre-trial hearing rested within the sound discretion of the trial judge. A failure to apply our holding in *Graves* to the instant case would be to hold that a defendant should be penalized simply by the exercise of that discretion. We cannot agree that such a result is called for in light of the clear language of Article 28.01 and of Article 40.09, Sec. 6(d)(3). If a motion to suppress is not sufficient to preserve error, then what purpose can it possibly serve—unless we assume that trial judges never err? It would be just as logical to argue that a defendant must make oral as well as written objections to preserve error in the court's charge, despite the specific provision of Article 36.14, V.A.C. C.P., to the contrary.

In their published commentaries to Article 28.01 of our 1965 Code of Criminal Procedure, my brothers Morrison and Onion both noted that, for the first time, Texas procedure allowed the trial court to determine motions to suppress prior to trial. Judge Onion also observed that the most obvious asset of the new statute was its great potential for saving many previously-wasted hours during and immediately prior to trial. Clearly, this expeditiousness was also part of the Legislature's intent in enacting Article 28.01. To hold that error was not preserved by the motion in the instant cause would be to lose this time-saving feature of Article 28.01, since such motions would no longer be sufficient to preserve error.

■ We therefore hold that the overruling of *any* pre-trial motion to suppress is sufficient to preserve error in the admission of the evidence made the basis of the motion to suppress. To do otherwise would violate the clear intent of our Legislature.

■ We turn to appellant's first ground of error which alleges that the search warrant was issued without probable

cause. Appellant argues that the requirements of *Aguilar v. Texas,* 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723 (1964), were not met in that the affiant lied to the magistrate and the magistrate failed to conduct an independent investigation of the affiant. We have often held that in determining the sufficiency of an affidavit we are limited to the four corners of the document itself. E. g., *Collins v. State,* 502 S.W.2d 743 (Tex.Cr. App.1973). The affidavit is substantially like the affidavit approved by this Court in *Polanco v. State,* 475 S.W.2d 763 (Tex.Cr. App.1972). We therefore hold that the marihuana taken from appellant's house and car was properly admitted into evidence. Cf. *Spinelli v. United States,* 393 U.S. 410, 89 S.Ct. 584, 21 L.Ed.2d 637 (1969); see also *Gonzales v. Beto,* 425 F.2d 963 (5th Cir.), cert. den. 400 U.S. 928, 91 S.Ct. 194, 27 L.Ed.2d 189 (1970), and *Polanco v. Estelle,* 507 F.2d 81 (5th Cir. 1975), cert. denied —— U.S. ——, 96 S.Ct. 101, 46 L.Ed.2d 78 (1975). Also, appellant admitted possession of the marihuana found in his bedroom. See *Jaramillo v. State,* 504 S.W.2d 853, 855 (Tex.Cr.App.1974).

Appellant's second ground presents the more difficult question, namely, were the officers legally justified in searching the shed? However, the threshold issue is whether the appellant had standing to object to the admission of the marihuana found in the shed.

At the hearing on the motion to suppress, the appellant's father testified that he had rented the shed along with the house in which he lived with his son, the appellant.

The appellant also testified at the hearing. He stated that he had rented the shed some two months before his arrest to a man whose name he remembered only as "La Mano Mocha." He testified that he had never had a key to the locked shed during the time it was rented to "Mocha." He categorically denied any knowledge of the marihuana in the shed.

■ Appellant thus abandoned any possessory interest he might have claimed in the shed. See *Martin v. State,* 401 S.W.2d 831 (Tex.Cr.App.1966). However, the record reflects that the appellant was legitimately on the premises at the time of the search, and that the search was directed against him. Further, the instant case clearly involves a seizure of contraband; this seizure in turn resulted in an indictment charging an offense in which the appellant's possession of the seized contraband at the time of the search was an essential part of the State's case. Under the Supreme Court's holding in *Jones v. United States,* 362 U.S. 257, 80 S.Ct. 725, 4 L.Ed.2d 697 (1960), the appellant has standing to contest the search of the shed. See also *Vines v. State,* 397 S.W.2d 868 (Tex.Cr.App. 1966).

Nor can we agree that the Court's decision in *Simmons v. United States,* 390 U.S. 377, 88 S.Ct. 967, 19 L.Ed.2d 1247 (1968), eliminated the need for this "automatic" standing rule of *Jones,* an issue which was pondered but not resolved in *Brown v. United States,* 411 U.S. 223, 227–228, 93 S.Ct. 1565, 36 L.Ed.2d 208 (1973). In fact, the case before us provides an excellent justification for the continuing vitality of the *Jones* rule.

Here, the appellant was on the premises of the search but denied, both at the hearing and during trial, any possessory interest in the shed. To gain standing under *Simmons* at the pre-trial hearing, the appellant would have been required to assert, through his own testimony "connecting himself with the seized evidence," some interest in the shed and its contents. *Simmons v. United States,* supra, at 393, 88 S.Ct. at 976. Then, to pursue his chosen defense at trial, he would have had to testify in a manner contrary to his testimony at the hearing. Under Texas law, this constitutes aggravated perjury. V.T.C.A. Penal Code, Secs. 37.02–37.04 (1974).[1]

---

1. We note that the Court in *Simmons* held that "when a defendant testifies in support of a motion to suppress evidence on Fourth Amendment grounds, his testimony may not

■ It is no answer to contend that the appellant in such a situation need not testify at the trial on the merits. Article I, Section 10 of our Texas Constitution provides that an accused has the right to be heard *by himself,* or by counsel, or both. See *Carlile v. State,* 451 S.W.2d 511, 513 (Tex.Cr.App.1970). This naturally encompasses the right to present a defense by one's own testimony. This is a valuable right which should not be lightly abandoned. We will not do so in order to establish a rule that would make the defensive posture of the appellant in this case—or *any* defensive posture save that outlined in *Simmons*—unavailable to this or any other similarly-situated defendant. See also *Jones,* supra, at 263–264, 80 S.Ct. 725; *Brown,* supra, at 229, 93 S.Ct. 1565.

We hold that the appellant had standing to contest the search of the shed. *Jones v. United States,* supra.

■ Turning finally to the substance of appellant's second ground, we hold that the search of the shed was beyond the scope of the affidavit and warrant and hence invalid.[2]

■ In *McTyre v. State,* 113 Tex.Cr.R. 31, 19 S.W.2d 49 (1929), this Court held that the description in the affidavit of the place to be searched controls the description of the place in the search warrant. See Art. I, Sec. 9, Texas Constitution,Vernon's Ann. St.; Art. 18.04, Vernon's Ann.C.C.P. (Supp. 1974); *Robie v. State,* 117 Tex.Cr.R. 283, 285, 36 S.W.2d 175, 176 (1931).

In *McTyre* the affidavit described the place to be searched as a "private residence," while the warrant "commanded the officers to search the 'private residence, *outbuildings and premises* occupied by the appellant.'" *McTyre,* supra, 113 Tex.Cr.R. at 32, 19 S.W.2d at 49–50 (Emphasis added). The search in *McTyre* encompassed not only the residence but also an outhouse approximately 75 feet from the house and a chicken house as well. This Court found that the outhouse and chicken house were within the curtilage of the residence and held that the search of those two buildings required reversal, since they were not named in the affidavit.[3]

■ The shed in appellant's yard was clearly within the curtilage of the house, yet the search warrant, like the affidavit, directed only that the house and two cars be searched. We cannot escape the conclusion that the search of the shed violated appellant's rights under the Fourth Amendment to the United States Constitution and Article I, Sec. 9 of our Texas Constitution.[4] *McTyre v. State,* supra. Cf. *Huffmeister v. State,* 341 S.W.2d 928 (Tex.Cr.App.1960).

Moreover, since it is undisputed that the marihuana found elsewhere on the premises did not weigh four ounces, harm is evident.

The judgment is reversed and the cause remanded.

MORRISON, Judge (dissenting).

I dissent to the reversal of this conviction, because appellant failed to object

thereafter be admitted against him *at trial on the issue of guilt* unless he makes no objection." *Simmons,* supra, at 394, 88 S.Ct. at 976. (Emphasis added). The Court did not speak to the perjury issue, nor need we do so. It is enough to say that we decline to abandon settled Supreme Court law to pursue a course which would encourage perjured testimony.

2. Nor can it be said that the appellant waived his right to contest the search of the shed by admitting possession of the marihuana found *in his bedroom. Nicholas v. State,* 502 S.W.2d 169, 173–175 (Tex.Cr. App.1973). Thus, *Jaramillo v. State,* 504

S.W.2d 853 (Tex.Cr.App.1974), is not in point.

3. The Court's holding in *Steele v. United States,* 267 U.S. 498, 45 S.Ct. 414, 69 L.Ed. 757 (1925), does not provide authority to the contrary. The description of the place to be searched in *Steele* was much broader than that in either *McTyre* or the instant case.

4. We need not decide whether a different situation might be presented if the search of the shed had occurred *after* the discovery of the remaining marihuana. Cf. *Draper v. United States,* 358 U.S. 307, 79 S.Ct. 329, 3 L.Ed.2d 327 (1959).

when the fruits of the search were admitted into evidence at the trial.

Never before today has this Court held that an objection made at the time of a pre-trial suppression hearing will carry over to the trial when the suppression hearing was held earlier than on the day of the trial. See *Graves v. State,* supra.

The reason for this limitation is to insure that the questions presented and the objections made earlier are fresh in the trial court's mind. Further, although the trial court held that certain evidence was admissible at the earlier hearing, the facts presented at the trial may require a different ruling. From a practical standpoint, this new rule requires a trial court to object himself, without any word from counsel, when certain testimony is offered. Would not reason and sound judicial practice require that the trial court be given a second opportunity to pass upon the admissibility of controversial evidence.

I vigorously dissent to the new rule this day promulgated.

DOUGLAS, Judge (dissenting).

The majority reverses this conviction on the ground that the tin shed behind the residence was not described in the search warrant or affidavit for the warrant.

Considering the affidavit for the warrant as a whole, the tin shed is sufficiently described. The officer, affiant, was informed "that he [appellant] kept 10 Lids of Marijuana in a cardboard shoe box in his bedroom closet, also he kept in a tin shed behind the residence several more lids of Marijuana."

The affidavit was referred to and was made a part of the search warrant. *Phenix v. State,* 488 S.W.2d 759 (Tex.Cr.App.1972), restated the rule and this Court held that where the affidavit is incorporated by reference, it becomes a part of, and can be used to aid the description in, the search warrant.

The officer asked the magistrate to issue the search warrant as follows:

"Wherefore, I ask that a warrant to search for and seize the said narcotic drug and dangerous drug at the above described premises. . . ."

The tin shed was a part of the premises as shown by the affidavit. Marihuana was specified as being located in the tin shed. Construing the affidavit and warrant as a whole, the premises to be searched included the shed.

The rule that excludes evidence because of an unlawful search is being unduly and unreasonably extended in this case because of the refusal of the majority to consider the entire affidavit and the search warrant.

The majority changes the rule and now holds that a defendant does not have to object immediately before or at the time of trial.

The decision by the majority will permit trial judges to be ambushed. The majority has changed the rule after this case was tried.

Many cases have held that, where a motion in limine has been acted upon prior to trial, a defendant must object at the time of or immediately before the trial. See *Simpson v. State,* 507 S.W.2d 530 (Tex.Cr.App. 1974), and *Whatley v. State,* 488 S.W.2d 422 (Tex.Cr.App.1972).

Where a motion to suppress has been heard at trial, it has been held that another objection did not have to be made and that this was sufficient objection under Article 40.09, Section 6(d)(3), V.A.C.C.P. *Powers and Dion v. State,* 456 S.W.2d 97 (Tex.Cr. App.1970). In *Graves v. State,* 513 S.W.2d 57 (Tex.Cr.App.1974), a hearing on a motion to suppress evidence was had on the day of the trial. This Court wrote:

". . . Since the trial court had *immediately* before overruled the motion to suppress, it was not necessary for appellant to object when the contraband was offered. . . ." (Emphasis Supplied)

A motion to suppress evidence filed before the trial is a motion in limine. In

limine merely means prior to trial. This motion titled a motion to suppress is still a motion in limine. The experienced trial judge was no doubt aware of our previous decisions holding that an objection had to be made at the time of the trial.

The motion in the present case was over-ruled by the court ten weeks prior to the trial. It was not called to the court's attention during the trial. The trial judge has a multi-county district; he and other judges with heavy case loads should not be expected to remember every motion filed or remember if they were titled motions in limine or motions to suppress. Judges in metropolitan districts may have problems because in many cases one judge will hear motions prior to trial and another judge will conduct the trial. This decision will add further problems and greater opportunities for sandbagging trial judges. What if a defendant labels a motion "In Limine" which is overruled but asks that evidence be suppressed, will this be sufficient to obviate the necessity for an objection at the trial?

The reasons by the majority that a different rule should be applied in motions to suppress because they are statutory has no support by the cases. It is not necessary for a trial judge to hear such a motion even though it is statutory. In *Bosley v. State,* 414 S.W.2d 468 (Tex.Cr.App.1967), this Court held in a unanimous opinion that the trial judge did not have to hear a motion to suppress evidence prior to trial. Trial judges in fear of being ambushed or sand-bagged may feel inclined to deny hearings on motions to suppress and require a defendant to object during the trial.

Counsel should have given the trial court notice immediately preceding or at the time of the trial. A motion over two months old does not provide sufficient notice.

The majority has cited no case to support its holding.

The judgment should be affirmed.

DOUGLAS, Judge (dissenting opinion on the State's motion for leave to file motion for rehearing).

The majority overrules the State's motion for leave to file a motion for rehearing. In the original opinion it asserts that Article 40.09, Section 6(d)(3), V.A.C.C.P., is followed. That statute is not applicable; it provides that an objection may be made when evidence is "offered" outside the presence of the jury. No evidence had been offered then weeks prior to the trial. The burden is on a defendant in a hearing on a motion to suppress evidence. The State does not have to offer evidence at that time. Formerly a defendant had to object in front of the jury. Article 40.09, Section 6(d)(3), V.A.C.C.P., changed that to permit an objection to "offered" evidence outside the presence of the jury.

The rule adopted by the majority is neither reasonable nor practical. Busy trial judges are unable to remember every motion and ruling filed months prior to a trial and prosecutors in the trial of a case may not have notice of rulings on motions to suppress. Some prosecution staffs have a division that handles pretrial motions and another division for trial work. Further, different judges might hear motions and another judge will preside at the trial. Will the majority hold that a trial judge is bound by a motion to suppress held two years earlier? This question could arise if there has been an appeal and a reversal upon another ground.

Since the majority opinion was written, some trial judges, in order not to be bound to have total recall of all details, have refused to grant hearings on motions to suppress. More will no doubt adopt the practice and may do so under *Bosley v. State,* 414 S.W.2d 468 (Tex.Cr.App.1967), and *Hicks v. State,* 508 S.W.2d 400 (Tex.Cr.App. 1974).

The State's motion for rehearing should be granted and the judgment affirmed, especially in view of the fact that the premises searched were described in the affidavit

which was made a part of the search warrant.

The judgment should be affirmed.