**William Thomas GRAVES,**
**Petitioner-Appellant,**

v.

**W. J. ESTELLE, Jr., Director, Texas**
**Department of Corrections,**
**Respondent-Appellee.**

**No. 76–3724.**

United States Court of Appeals,
Fifth Circuit.

July 27, 1977.

Ted Redington, Staff Director, Sally L. Ray, Staff Counsel for Inmates, Huntsville, Tex., for petitioner-appellant.

John Hill, Atty. Gen., Walter C. Prentice, Asst. Atty. Gen., David M. Kendall, First Asst. Atty. Gen., Joe B. Dibrell, Jr., Asst. Atty. Gen., Austin, Tex., for respondent-appellee.

Before CLARK and GEE, Circuit Judges, and MARKEY *, Chief Judge.

GEE, Circuit Judge:

After a jury trial in a Texas court petitioner was convicted for possession of heroin and sentenced to life imprisonment.

* Of the U.S. Court of Customs and Patent Appeals, sitting by designation.

His conviction was affirmed by the state appellate court,[1] and his application for habeas corpus relief from the state was summarily denied without written order. Graves then sought habeas corpus relief in federal district court where his petition was dismissed for failure to exhaust state remedies. On appeal petitioner argues that the factual allegations urged in his federal petition are almost identical to the facts recited in his state habeas petition. We agree that petitioner's claim is not barred by a failure to exhaust, but we grant him only a hollow victory. Persuading us that he did present the same factual allegations of a fourth amendment violation to a state court before filing his federal petition, petitioner has avoided a dismissal for failure to exhaust but has run head-on into the barrier posed by *Stone v. Powell*, which prohibits granting federal habeas corpus relief to a state prisoner on the ground that evidence seized in an unconstitutional search was introduced at trial if the state has provided an opportunity for full and fair litigation of that fourth amendment claim.[2] Once we reverse the district court's holding that this petitioner had not exhausted state remedies, the sole remaining issue is whether petitioner had a full and fair opportunity in the state courts to litigate his fourth amendment complaint. We hold that he did.

In April 1973, a confidential informant notified the Dallas police that he had seen a quantity of heroin in a certain Dallas apartment. The police secured a search warrant for the apartment and arrest warrants for its occupant "and other persons unknown." At appellant's trial Detective Fowler of the Dallas Police Department testified that he also was informed that the occupants of the apartment would use a yellow 1966 Chrysler to make a run to San Antonio to pick up a new supply of heroin and that a Buick Electra would be parked at the apartment.[3] When the police staked out the apartment the Buick only was present, so they waited until the yellow Chrysler returned to execute their warrants. Two hours after the officers began their surveillance the yellow Chrysler arrived; appellant, who was driving, and the other passengers got out and entered the designated apartment. A few minutes later, before the officers could move in on the apartment, appellant and another man emerged and drove away in the yellow Chrysler. The Dallas officer immediately stopped the car, asked the two occupants to get out, and in the process observed heroin capsules and syringes in plain view on the floorboard of the driver's side of the car. They arrested both men. The search warrant covered only the apartment and did not include the yellow Chrysler or any other vehicle. The search of the apartment yielded more heroin and syringes.

The day of trial appellant moved to suppress the seven capsules of heroin and two syringes seized from the yellow Chrysler, arguing that the evidence was fruit of an illegal search because police had neither a warrant to stop and search the automobile nor probable cause to arrest its occupants. The motion was denied, and the evidence was admitted without objection. On appeal the Texas Court of Criminal Appeals reviewed Graves' complaint even though there had been no contemporaneous objection at the time the evidence was admitted. "Since the trial court had immediately before overruled the motion to suppress, it was not necessary for appellant to object when the contraband was offered."[4] 513 S.W.2d 57, 59 (Tex.Cr.App.1974). Review-

---

1. *Graves v. State*, 513 S.W.2d 57 (Tex.Cr.App. 1974).

2. 428 U.S. 465, 96 S.Ct. 3037, 49 L.Ed.2d 1067 (1976).

3. The reliability of the source of this information implicating the yellow Chrysler was challenged unsuccessfully on appeal and in petitioner's state application for habeas corpus.

4. Thus we do not have a litigant who was unable to present his fourth amendment complaint to the state appellate court because of failure to preserve the point of error at trial. *See O'Berry v. Wainwright*, 546 F.2d 1204 (5th Cir. 1977).

ing the testimony of Detective Fowler, the Texas appellate court held that when Fowler observed the Chrysler driving away from the suspect apartment he reasonably could have believed some heroin remained in the automobile. Exigent circumstances supplied the rest of the justification for the warrantless stop of Graves' car.

With the information in his possession, it was reasonable for Officer Fowler to conclude that the automobile which was being used to haul heroin probably still had heroin in it, and since it was then leaving the premises where he was reliably informed there was heroin it would not have been practical for the officers to obtain a search warrant. Therefore, we conclude that the stopping of the automobile and the discovery of heroin in plain view was with probable cause and under exigent circumstances. [citations omitted].

513 S.W.2d at 61. Thus, Graves' fourth amendment complaint was resolved in the state's favor and his conviction affirmed.

Adopting the magistrate's findings and conclusions, the district court held that *Stone v. Powell* does not prohibit relief to this petitioner because the state court ruling that Officer Fowler reasonably believed heroin to remain in the yellow Chrysler at the time he stopped it was not fairly supported by the record. Additionally, the district court held that petitioner's state application for habeas corpus had not raised this issue of no factual basis for the appellate court's conclusion. We disagree with both holdings.

■ The memorandum in support of petitioner's state application for habeas relief attacked the same paragraph of the appellate decision that is complained of in the federal petition. The argument was directed to the lack of evidence establishing the reliability of the source of Officer Fowler's information implicating the yellow car be-

fore it was stopped. But when he urged the Texas Court of Criminal Appeals to reconsider its earlier unsupported conclusion that the stop was proper and that court refused, petitioner exhausted his state remedies.

■ After *Stone v. Powell*, a federal district court presented with a section 2254 petition may not review the correctness of a state court decision not to exclude evidence allegedly obtained in violation of the fourth amendment. It may only reach the merits of the claim if it determines that the state has not provided appellant an opportunity for full and fair litigation of that claim.[5] The Court does not define "opportunity for a full and fair litigation" but cites the reader to *Townsend v. Sain*, 372 U.S. 293, 83 S.Ct. 745, 9 L.Ed.2d 770 (1963), which sets forth the circumstances which make state evidentiary hearings unreliable enough to mandate the grant of a federal hearing to a habeas petitioner. A state evidentiary hearing has not been full and fair under *Townsend* if:

(1) the merits of the factual dispute were not resolved in the state hearing; (2) the state factual determination is not fairly supported by the record as a whole; (3) the fact-finding procedure employed by the state court was not adequate to afford a full and fair hearing; (4) there is a substantial allegation of newly discovered evidence; (5) the material facts were not adequately developed at the state court hearing; or (6) for any reason it appears that the state trier of fact did not afford the habeas applicant a full and fair fact hearing.

372 U.S. at 313, 83 S.Ct. at 756.

■ Does the district court's conclusion that there was insufficient support in the record for the state court finding that Officer Fowler believed some heroin remained in the car fit the second *Townsend* category, a state factual determination not fairly

---

5. *See Petillo v. New Jersey*, 418 F.Supp. 686 (D.N.J. 1976) (because New Jersey denies the subject of a search the right to suppress fruits of a warrant procured by perjury by not allow- ing a hearing on the veracity of the underlying affidavit, the federal district court may grant habeas relief on this state prisoner's fourth amendment claim).

supported by the record as a whole? We know that after *Stone v. Powell* the district court may not *review* a probable cause determination made by a state court. Reasonable belief, as an element of probable cause, is a factual determination, but the conclusion that a belief rises to the level demanded by the fourth amendment is a conclusion of law. Because a finding of probable cause requires a factual determination plus a legal conclusion, *Townsend* is helpful but not controlling. We have rejected a literal engrafting of *Townsend* as the sole measure of "full and fair consideration" when legal rather than factual questions are at issue:

> Although we agree that *Townsend* is of some help in defining "full and fair adjudication" by a state court, we cannot, as Petitioner desires, endorse its wholesale use in determining whether or not a federal court should hear Petitioner's Fourth Amendment claim in a habeas corpus proceeding.

*O'Berry v. Wainwright*, 546 F.2d 1204, 1211 (5th Cir. 1977). As a New York district court has explained, another reason why the *Townsend* test cannot be applied literally is that *Stone v. Powell* mandates only an *op-portunity* for a full and fair consideration in state court. *Pulver v. Cunningham*, 419 F.Supp. 1221, 1223–24 (S.D.N.Y.1976). To allow a federal district court to overrule a state court's resolution of whether there was or was not probable cause so as to admit or exclude evidence obtained by a particular search flies in the teeth of the *Stone v. Powell* declaration that henceforth we shall regard state judges to be as capable as federal judges to uphold the values of the fourth amendment.[6] The exceptions to *Stone v. Powell's* prohibition on granting federal habeas relief for failure to exclude evidence at trial are narrow indeed.[7] As the dissent points out, there was no record evidence supporting the state court's rejection of Powell's contention that the vagrancy statute under which he was arrested was unconstitutional, and still the Court denied relief.[8] Here, even in the absence of record evidence that Officer Fowler reasonably could have believed some heroin remained in appellant's automobile at the time it was stopped, we cannot do otherwise.

Appellant asks that we remand to the district court for a hearing on whether the state courts' consideration of his fourth amendment claim was full and fair, but this

---

**6.** The policy arguments that respondents marshal in support of the view that federal habeas corpus review is necessary to effectuate the Fourth Amendment stem from a basic mistrust of the state courts as fair and competent forums for the adjudication of federal constitutional rights. The argument is that state courts cannot be trusted to effectuate Fourth Amendment values through fair application of the rule, and the oversight jurisdiction of this Court on certiorari is an inadequate safeguard. The principal rationale for this view emphasizes the broad differences in the respective institutional setting within which federal judges and state judges operate. Despite differences in institutional environment and the unsympathetic attitude to federal constitutional claims of some state judges in years past, we are unwilling to assume that there now exists a general lack of appropriate sensitivity to constitutional rights in the trial and appellate courts of the several States. State courts, like federal courts, have a constitutional obligation to safeguard personal liberties and to uphold federal law. *Martin v. Hunter's Lessee*, 14 U.S. (1 Wheat.) 304, 341, 344, 4 L.Ed. 97 (1816). Moreover, the argument that federal judges are more expert in applying federal constitutional law is especially unpersuasive in the context of search-and-seizure claims, since they are dealt with on a daily basis by trial level judges in both systems. In sum, there is "no intrinsic reason why the fact that a man is a federal judge should make him more competent, or conscientious, or learned with respect to the [consideration of Fourth Amendment claims] than his neighbor in the state courthouse." Bator, *supra*, n.7, at 50.

96 S.Ct. at 3051–52, n.35.

**7.** *See* n.5, *supra*.

**8.** Moreover, the fact that only a single state judge ever addressed the validity of the ordinance, and the lack of record evidence as to why or how he rejected respondent's claim, gives me pause as to whether there is any real content to the Court's "exception" for bringing Fourth Amendment claims on habeas in situations in which state prisoners were not accorded an opportunity for a full and fair state court resolution of those claims . . . . . *Stone v. Powell, supra*, 96 S.Ct. at 3069 (Brennan, J., dissenting).

we cannot do. In *Caver v. State of Alabama*, this court did remand for proceedings in light of *Stone v. Powell* because the habeas petition had been prepared prior to the announcement of that decision. "But in future applications of *Stone v. Powell, supra*, no such remand will be required. Rather the burden will be on a petitioner to plead and prove at the federal trial level a want of opportunity fairly and fully to litigate any fourth amendment claim in the state courts." 537 F.2d 1333, 1336 n.2 (5th Cir. 1976). Graves, whose petition was filed after *Stone v. Powell* was announced,[9] has failed to meet that burden of proof, and his petition must be denied.

We reverse the district court's dismissal of the application for habeas relief, finding that petitioner had exhausted his state remedies. We nevertheless deny relief because petitioner's fourth amendment complaint was fully and fairly litigated in the Texas courts. We do so because, since *Stone v. Powell*, we no longer review such adjudications for constitutional compliance on their merits unless it has first been demonstrated to our satisfaction that the state did not furnish petitioner a full and fair opportunity to present his fourth amendment claim.

IT IS SO ORDERED.

---

9. *Stone v. Powell* was announced July 6, 1976. Petitioner's application for habeas corpus was filed in the federal district court on April 7, 1976, but on August 3, 1976, the state filed a motion to dismiss, citing *Stone v. Powell.* Petitioner filed a reply on August 16, 1976, seeking to fit this case into one of the narrow exceptions mentioned by the Supreme Court. Oral argument before this court dealt almost exclusively with the implication of the *Stone v. Powell* decision, and appellate counsel was well informed that the only avenue to habeas relief was to establish the lack of an opportunity for full and fair litigation in the state courts.