Clifford James **WOFFENDEN**, Petitioner,

v.

R. F. **ZAHRADNICK**, Superintendent, Virginia State Penitentiary, Respondent.

No. 77–0124(R).

United States District Court, W. D. Virginia, Roanoke Division.

Dec. 2, 1977.

Robert P. Dwoskin, Dwoskin & Peaslee, Ltd., Charlottesville, Va., for petitioner.

James E. Kulp, Asst. Atty. Gen., Richmond, Va., for respondent.

## MEMORANDUM OPINION AND ORDER

TURK, Chief Judge.

Petitioner, Clifford James Woofenden, was convicted on May 20, 1976, by a jury, in the Circuit Court of Roanoke County, of possession of hashish and possession of lysergic acid diethylamide and sentenced on each charge to six months in jail and a $500.00 fine. Petitioner maintains that the evidence adduced against him at trial was the fruit of an unlawful search and seizure in contravention of the Fourth Amendment of the United States Constitution and sought to have it suppressed at a pretrial suppression hearing. The trial court overruled his motion, and, upon being convicted, the petitioner sought a writ of error from the Virginia Supreme Court alleging, in part, that evidence introduced against him was derived from an unlawful search. His petition for writ of error was denied, and he filed, pursuant to Title 28 U.S.C. § 2254, this petition for writ of habeas corpus in the District Court for the Western District of Virginia asserting his Fourth Amendment claims.

The illegal drugs were discovered when officers, who were operating on the basis of a radio dispatch describing the petitioner as being a suspect in a robbery, stopped petitioner's vehicle and searched for weapons and other evidence of the robbery. While searching the vehicle for weapons, the drugs were found wrapped in tinfoil over a sun visor in the vehicle and were not identifiable as contraband without being unwrapped. The description of petitioner, which formed the basis of the radio dispatch upon which the arresting officers stopped petitioner's vehicle, was relayed by a service station attendant in Montgomery County who had waited on the petitioner and had observed suspicious conduct.

In overruling petitioner's motion to suppress, the Circuit Court found that the Roanoke County officers had received a communication in the due course of business from Montgomery County officers, which established reasonable cause to stop the vehicle in question. (Tr. 61). Petitioner as-

serts that the gravamen of his claim relates not to whether or not the officers had reasonable cause to stop his vehicle but whether or not they had reasonable cause to conduct the ensuing search which led to the seizure of the contraband drugs. Consequently, he contends that he failed to receive a full and fair hearing as to ". . . the real issues in the case." Upon a review of the record, this Court has concluded that the petitioner did receive a full and fair hearing on his Fourth Amendment claims.

The only question presented when a state prisoner seeks habeas corpus relief on the ground that evidence obtained in an unconstitutional search and seizure is introduced at his trial is whether "the state has provided an opportunity for full and fair litigation" of the Fourth Amendment claim. *Stone v. Powell*, 428 U.S. 465, 494, 96 S.Ct. 3037, 3052, 49 L.Ed.2d 1067 (1976). *In Stone v. Powell* and *Wolfe v. Rice*, 428 U.S. 465, 96 S.Ct. 3037, 49 L.Ed.2d 1067 (1976), petitioners were convicted in different states on unrelated murder charges. During their respective trials each sought unsuccessfully to suppress certain evidence which was seized pursuant to an allegedly unconstitutional search. Upon being convicted, petitioners appealed their convictions through their respective state appellate courts asserting their Fourth Amendment claims. Relief was denied in each instance and each filed a petition in Federal Court for writ of habeas corpus asserting his Fourth Amendment claims. Both were ultimately granted relief by the respective Courts of Appeals and the Supreme Court granted certiorari and reversed.

The opinion of the Court reviewed the expansion of the writ of habeas corpus concluding that "[d]uring the period in which the scope of the writ was expanded . . ." it failed to consider whether "exceptions to full review might exist with respect to particular categories of constitutional claims." *Stone v. Powell, supra*, at 478–479, 96 S.Ct. at 3044. Upon an examination of the rationale of the exclusionary rule, which the Court characterized as "the deterrence of police conduct that violates Fourth Amend-

ment rights," the Court noted that the rule was "not a personal constitutional right" but instead ". . . a judicially created remedy . . . ." *Id.* at 486, 96 S.Ct. at 3048. The Court then examined related Fourth Amendment problems which it had previously resolved through the balancing of interests and concluded that "by weighing the utility of the exclusionary rule against the cost of extending it to collateral review of Fourth Amendment claims," the answer would be found. *Id.* at 489, 96 S.Ct. at 3049. In terms of cost, the Court found that "[a]pplication of the rule . . . deflects the truth-finding process and often frees the guilty," may have the effect "of generating disrespect for the law and the administration of justice," promotes the ineffective utilization of limited judicial resources, is contrary to the necessity of finality in criminal trials, creates friction between our federal and state systems of justice, and interferes with the balance upon which the doctrine of federalism is founded. *Id.* at 490–492, 96 S.Ct. at 3050. On the other hand, the Court found that the incremental deterrent effect of a rule which provides for collateral review of such claims would be minimal. The Court then found the balancing test to preponderate in favor of limiting habeas corpus review of state prisoners' Fourth Amendment claims:

> Even if one rationally could assume that some additional incremental deterrent effect would be present in isolated cases, the resulting advance of the legitimate goal of furthering Fourth Amendment rights would be outweighed by the acknowledged cost to other values vital to a rational system of criminal justice.

*Stone v. Powell, supra*, at 493–494, 96 S.Ct. at 3051. In conclusion the Court summarized its holding:

> . . . where the state has provided an opportunity for full and fair litigation of a Fourth Amendment claim, a state prisoner may not be granted Federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search and seizure was introduced at his trial.

*Stone v. Powell supra*, at 494, 96 S.Ct. at 3052.

The Court's opinion is not a restriction on the exclusionary rule pronounced in *Mapp v. Ohio*, 367 U.S. 643, 81 S.Ct. 1684, 6 L.Ed.2d 1081 (1961), and by the Court's own language its opinion is not a limitation of federal court jurisdiction.[1] *Stone v. Powell, supra*, 428 U.S. at 495, n. 37, 96 S.Ct. 3037. Nevertheless, on collateral review the only question presented when a state prisoner seeks relief on the grounds that evidence obtained in an unconstitutional search and seizure was introduced at his trial is whether "the state has provided an opportunity for full and fair litigation" of the Fourth Amendment claim. *Stone v. Powell, supra*, at 494, 96 S.Ct. at 3052. However, difficulty arises in the Court's failure to define the opportunity for fair and full litigation. Relative to full and fair litigation, the Court merely cited *Townsend v. Sain*, 372 U.S. 293, 83 S.Ct. 745, 9 L.Ed.2d 770 (1963). *Stone v. Powell, supra*, 428 U.S. at 494, 96 S.Ct. 3037. In *Townsend v. Sain* the Court held that a federal court must conduct an evidentiary hearing when a petitioner seeks to obtain relief from a state court conviction when he has not received a full and fair evidentiary hearing relative to his claim at some level in the state judicial process. According to *Townsend*, a petitioner is denied a full and fair evidentiary hearing when—

1) the merits of the factual dispute were not resolved in the state court hearing; 2) the state factual determination is not fairly supported by the record as a whole; 3) the fact-finding procedure employed by the state court was not adequate to afford a full and fair hearing; 4) there is a substantial allegation of newly discovered evidence; 5) the material facts were not adequately developed at the state court hearing; or 6) for any reason it appears that the state trier of fact did not afford the habeas applicant a full and fair fact hearing.

*Townsend v. Sain, supra*, 372 U.S. at 313, 83 S.Ct. at 757. The question left unanswered through the Court's reference to *Townsend* is whether fullness and fairness refers to something more than an adequate fact-finding process. In the present case, in the fact-finding sense, there is little doubt but that the petitioner received a full and fair hearing. Moreover, there appears no material disagreement as to the facts. Petitioner maintains that the state trial judge failed to specifically address the real issue in relation to his Fourth Amendment claim and thereby deprived him of a full and fair hearing. Consequently, the issue presented by this case is whether the petitioner is entitled to more than just the availability of an adequate fact-finding process and, if he is, whether he received it.

In *O'Berry v. Wainwright*, 546 F.2d 1204 (5th Cir. 1977), defendant failed to object, in his state court trial, to evidence that was the product of an allegedly unconstitutional search and seizure. The state appellate court ruled that petitioner failed to properly preserve his federal constitutional claim, and the Court of Appeals for the Fifth Circuit held that this resolution of his claim satisfied the full and fair litigation requirement referred to in *Stone v. Powell, supra*. The Court of Appeals held that an opportunity for full and fair litigation is provided even though a state court resolves a Fourth Amendment claim "on an independent, adequate, non-federal state ground."[2] *O'Berry v. Wainwright, supra*, at 1216. In reaching

---

1. The Court was also careful to point out that the petitioners were "free to file a timely petition for certiorari prior to seeking federal habeas corpus relief." *Stone v. Powell, supra*, 428 U.S. at 494, n. 38, 96 S.Ct. 3037, 3052.

2. Subsequently, in *Wainwright v. Sykes*, 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977), the Supreme Court held that a petitioner was precluded from obtaining relief from a state court conviction on the basis of the fact that a statement, allegedly taken in violation of *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966), was introduced against him in his state court trial, as he failed to object to its introduction without regard to the state's contemporaneous objection rule and as there was absent a showing of prejudice and of good cause for his failure to object. Pursuant to the reasoning of *Wainwright v. Sykes*, it would have been unnecessary for the Court to examine the fullness and fairness of the state court hearing as the petitioner failed to preserve his Fourth Amendment claim for review.

that conclusion, the Court recognized that when "the issues in dispute are legal only, the *Townsend* test loses much of its usefulness." *Id.* at 1211. The Court also found that "where there are facts in dispute, full and fair consideration requires consideration by the fact-finding court, and at least the availability of meaningful appellate review by a higher state court." *Id.* at 1213. However, when the facts are not in dispute, the Court was of the opinion that "the full and fair consideration requirement is satisfied where the state appellate court, presented with an undisputed factual record, gives full consideration to defendant's Fourth Amendment claims." *Id.* at 1213.

■ The state trial court's determination that the Roanoke County officers had reasonable cause to stop petitioner's vehicle was obviously meant to determine the entirety of the petitioner's Fourth Amendment claim. However erroneous it may be to assume that reasonable cause to stop supplies reasonable cause to conduct a full-blown search, to redetermine the matter in federal habeas corpus would be to disregard the dictates of *Stone v. Powell*:

> To allow a Federal District Court to overrule the state court's resolution of whether there was or was not probable cause so as to admit or exclude evidence obtained by a particular search flies in the teeth of the *Stone v. Powell* declaration that hence forth we shall regard state judges to be as capable as federal judges to uphold the values of the Fourth Amendment.

*Graves v. Estelle,* 556 F.2d 743 (5th Cir. 1977). Consequently, in determining that the petitioner received a full and fair hearing on his Fourth Amendment claim this Court must conclude that the rationale behind *O'Berry v. Wainwright, supra,* is, to some measure, appropriate. Consequently, a two-pronged examination is required. The first prong requires an examination of the fullness and fairness of the hearing in the fact-finding sense as explicated in *Townsend v. Sain, supra.* The second prong is greatly limited by the rationale of *Stone v. Powell* that state court judges' determi-

nations on Fourth Amendment claims should not be subject to reexamination on collateral review, and is, therefore, satisfied when "the state appellate court, presented with an undisputed fact record, gives full consideration to defendant's Fourth Amendment claims." *O'Berry v. Wainwright, supra,* 546 F.2d at 1213.

In Virginia, "a decision to grant or refuse petition for writ of error is based upon . . . the merits of the case." *Saunders v. Reynolds,* 214 Va. 697, 700, 204 S.E.2d 421, 424 (1974). Consequently, as the petitioner received an adequate fact-finding hearing within the contemplation of *Townsend v. Sain, supra,* and as the Virginia Supreme Court has denied petitioner review based on the merits of his Fourth Amendment claim, this Court has determined that he received an opportunity for full and fair litigation of his Fourth Amendment claims and is constrained to dismiss.

PETITION DISMISSED.